UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LG CAPITAL FUNDING, LLC<br><br>                            Plaintiff,<br>v.<br><br>HANGOVER JOE'S HOLDINGS CORP.<br><br>                            Defendant. | **Civil Action No.:**<br><br>**COMPLAINT** |

Plaintiff, LG Capital Funding, LLC ("Plaintiff" or "LG"), by and through its undersigned attorneys, Garson, Ségal, Steinmetz, Fladgate LLP, brings its Complaint against Defendant, Hangover Joe's Holdings Corp. ("Defendant" or "HJOE"), and respectfully alleges as follows:

### THE PARTIES

1. Plaintiff, LG Capital Funding, LLC, is a limited liability company duly organized under the laws of the state of New York, having a principal place of business located at 1218 Union Street, Suite #2, Brooklyn, NY 11225.  All members of LG Capital Funding, LLC are citizens of New York.

2. Upon information and belief, Defendant, Hangover Joe's Holdings Corp., is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business located at 9 Music Square South, PO BOX 264, Nashville, TN 37203.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 27 U.S.C. §1391(a), in that it is a district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of this action is situated.

5. Further, the agreement from which this dispute arises designates that it is governed and constructed in accordance with the laws of the State of New York and that any action brought by either party against the other must be brought in state or federal courts of New York, New York County.

## FACTS COMMON TO ALL CLAIMS

### NOTE 1

6. On or about July 3, 2014, HJOE's directors executed a unanimous consent in lieu of a special meeting of the directors (the "Unanimous Consent Decree") authorizing HJOE to enter into a $52,500.00 8% Convertible Redeemable Note (the "Note"). A true and correct copy of the Unanimous Consent Decree is attached hereto as **Exhibit A**.

7. On the same day, LG and HJOE entered into a Securities Purchase Agreement, which provided for the purchase and issuance of the Note. A true and correct copy of the SPA is attached hereto as **Exhibit B**.

8. Pursuant to the terms of the SPA, on or about July 3, 2014, HJOE issued to LG a $52,500.00, 8% Convertible Redeemable Note, or the Note as defined above. A true and correct copy of the Note is attached hereto as **Exhibit C**.

9. On the same day, July 3, 2014, HJOE sent LG a disbursement authorization memorandum ("Disbursement Memorandum") in connection with funding the Note. HJOE instructed LG to disburse $2,500.00 to New Venture Attorneys, P.C. and $50,000.00 to HJOE for

the Note. A true and correct copy of the Disbursement Memorandum is attached hereto as **Exhibit D**.

10. On the same day, July 3, 2014, HJOE directed its transfer agent Corporate Stock Transfer, Inc. ("Transfer Agent"), to reserve a specific number of shares of HJOE common stock ("Common Stock") (initially, 4,405,000 shares of Common Stock) in accordance with the terms of the Note ("Transfer Agent Agreement"). A true and correct copy of the Transfer Agent Agreement is attached hereto as **Exhibit E**.

11. On July 9, 2014, LG funded the Note pursuant to the Disbursement Memorandum. A true and correct copy of the wire confirmation is attached hereto as **Exhibit F**.

Note 2

12. In addition to the documents executed in conjunction with Note 1, HJOE also agreed to issue to LG a second, "back-end" 8% Convertible Redeemable Note with identical terms, which could be funded by LG at a later date.

13. Accordingly, on or about July 3, 2014, HJOE issued to LG a $52,500.00, 8% Convertible Redeemable Back End Note ("Note 2"), which could be funded at the option of LG. A true and correct copy of Note 2 is attached hereto as **Exhibit G**.

14. Having been informed by LG of its desire to fund Note 2, on or about February 23, 2015, HJOE sent LG a disbursement authorization memorandum ("Disbursement Memorandum 3") in connection with funding Note 2. A true and correct copy of the Disbursement Memorandum is attached hereto as **Exhibit H**.

15. On February 23, 2015, HJOE directed its Transfer Agent, to reserve a total of 240,929,000 shares of HJOE common stock in conjunction with Notes 1 and 2 ("Transfer Agent

Agreement 2"). A true and correct copy of the Transfer Agent Agreement is attached hereto as **Exhibit I**.

16. On February 24, 2015, LG funded Note 2 pursuant to the Disbursement Memorandum. A true and correct copy of the wire confirmation is attached hereto as **Exhibit J**.

### TERMS OF THE NOTES

17. The Notes each provide that HJOE promises to pay to the order of LG and its registered assigns, the aggregate principal face amount, as well as interest thereupon, on the Notes' maturity dates, July 3, 2015. Exs. C and G, p. 1.

18. The Notes each provided that "[u]pon an Event of Default, interest shall accrue at a default interest rate of 16% per annum or, if such a rate is usurious or not merited by current law, then at the highest rate of interest permitted by law." Exs. C and G, §8.

19. In addition to LG's return on investment vis-à-vis the Note's interest rates, Section 4(a) of the Notes provided LG with the right to convert all or part of the outstanding and unpaid principal into shares of HJOE common stock (the "Common Stock") at a discount to the market price in lieu of repayment of the amounts converted. Exs. C and G, §4(a).

20. To exercise its conversion right, LG was required to submit a "Notice of Conversion" to HJOE. Exs. C and G, §4(a).

21. The price at which each Note was convertible (the "Conversion Price") for each share of Common Stock was to be equal to "55% of the **lowest trading price** of the Common Stock as reported on the National Quotations Bureau OTCQB exchange which [HJOE]'s shares are traded or any exchange upon which the Common Stock may be traded in the future ("Exchange") for the **twenty** prior trading days including the day upon which a Notice of Conversion is received by [HJOE][.]" Exs. C and G, §4(a).

22.     LG opted to take advantage of its right to convert by converting portions of the principal balance and interest of the Note on the dates and in the amounts set forth in the Figure 1 below. True and correct copies of the honored Notices of Conversion are attached hereto as **Exhibit K**.

**Figure 1:**

| Conversion | Note | Principal | Interest | Conversion |
|---|---|---|---|---|
| 2/12/15 | Note 1 | $ 7,000.00 | $ 334.47 | $ 7,334.47 |
| 3/16/15 | Note 1 | $ 4,050.00 | $ 221.92 | $ 4,271.92 |
| Total | | $ 11,050.00 | | |

23.     After the conversions above were duly made and honored, the remaining principal balance of the Note 1 was $41,450.00. No conversions were executed under Note 2.

HJOE's Breaches of the Note

24.     Section 8 of the Notes provide for events, each of which constitutes an "Event of Default," upon which the Notes shall become due and payable and after which interest shall accrue at a rate of 16% per annum. Exs. C and G, §8.  HJOE breached the Note when it caused each of the following Events of Default.

25.     Section 8(a) of each Note states that it shall be an Event of Default if Defendant "shall default in payment of principal or interest on this Note or any other note issued by the Company to the Holder." Exs. C and G, §8(a).

26.     On July 3, 2015, the Notes reached maturity and HJOE was obligated to pay the remaining principal balances, as well as accrued interest on the Note.

27.     HJOE failed to remit any payments on the Notes.

28.     Therefore, an Event of Default occurred on July 3, 2015 when HJOE failed to repay the Note.

29. Section 8(b) of each Note states that it shall be an Event of Default if "[a]ny of the representations and warranties made by [HJOE] heretofore or hereafter furnished by or on behalf of [HJOE] in connection with the execution and delivery of this Note, or the Securities Purchase Agreement under which this note was issued shall be false or misleading in any respect[.]" Exs. C and G, §8(b).

30. Section 8(c) of each Note states that it shall be an Event of Default if HJOE "shall fail to perform or observe, in any respect, any covenant, term, provision, condition, agreement or obligation of the Company under this Note or any other note issued to [LG]." Exs. C and G, §8(c).

31. In the Note, HJOE represented that it would "pay to the order of LG Capital Funding, LLC . . . the aggregate principal face amount of [the Note] on [its Maturity Date]." Exs. C and G, p. 1.

32. Therefore, additional Events of Default under Section 8(b) and 8(c) occurred on July 3, 2015.

33. To date, HJOE has not tendered payment of the Note's outstanding principals and accrued interest.

34. Additionally, Section 8(i) of each Note states that it shall be an Event of Default if HJOE "shall have its Common Stock delisted from an exchange . . . ." Ex. C and G, §8(i).

35. On November 10, 2016, according to HJOE's profile with the Securities and Exchange Commission, HJOE's securities registration was terminated, causing the Event of Default under Section 8(i).

36. At no point has LG ever, whether formally or informally, in writing or orally, waived any of HJOE's defaults.

## REMEDIES

37.     Due to HJOE's persistent and willful failure to remedy its breaches, LG has incurred significant damage.

38.     As stated above, default interest at a rate of 16% per annum has been accruing on the outstanding principal balance of the Note, since July 3, 2015.

39.     Therefore, as of June 28, 2021, LG is entitled to $193,270.86 in compensatory damages, consisting of $93,950.00 of principal, $4745.87of accrued regular interest, and $94,574.98 of default interest, which continues to accrue at a rate of $43.26 per day. *See* **Figure 2** below.

**Figure 2:**

| LG Capital Funding: HJOE Notes | Note 1 | Note 2 | Total |
|---|---|---|---|
| Face Value | $ 52,500.00 | $ 52,500.00 | |
| Converted Principal | $ 11,050.00 | $ - | |
| Balance | $ 41,450.00 | $ 52,500.00 | $ 93,950.00 |
| Commencement Date | 7/3/14 | 7/3/14 | |
| Funding Date | 7/9/14 | 2/24/15 | |
| Default Date | 7/3/15 | 7/3/15 | |
| Days of Regular Interest | 359 | 129 | |
| Days of Default Interest | 2186 | 2186 | |
| Regular Interest Rate | 0.08 | 0.08 | |
| Default Interest Rate | 0.16 | 0.16 | |
| | | | |
| **Regular Interest Accrued.=** [(Balance x Regular Interest Rate) x (Days of Regular Interest/365)] | $ 3,261.49 | $ 1,484.38 | $ 4,745.87 |
| **Balance on Default Date** = Balance + Regular Interest Accrued | $ 44,711.49 | $ 53,984.38 | $ 98,695.87 |
| **Default Interest Accrued** = [(Balance on Default Date x Default Interest Rate) x (Days of Default Interest/365)] | $ 42,844.63 | $ 51,730.35 | $ 94,574.98 |
| **Total Due and Owing on 6/28/21** = Balance on Default Date + Default Interest Accrued | $ 87,556.12 | $ 105,714.73 | $ 193,270.86 |

<u>Attorneys' Fees & Costs</u>

40. The Note each provides that "[HJOE] agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by [LG] in collecting any amount due under this Note" Ex. C, §7. Further, "[i]f [LG] shall commence an action or proceeding to enforce any provisions of this Note, including without limitation engaging an attorney, then if [LG] prevails in such action, then [LG] shall be reimbursed by [HJOE] for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding. " Ex. C, §8.  Therefore, LG is also entitled to all costs and attorneys' fees associated with enforcement and collection under these Notes.

**FIRST CLAIM FOR RELIEF**
(BREACH OF CONTRACT OF THE NOTE)

41. LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Valid contracts exist between LG and HJOE in the form of the Notes and the Securities Purchase Agreement.

43. LG performed all of its obligations under the Note.

44. HJOE breached the terms of the Notes by failing repay the monies due and owing to LG.

45. HJOE caused numerous Events of Default requiring HJOE to repay the Notes.

46. LG has been damaged by HJOE's failure to perform.

47. LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than one-hundred and ninety-three thousand, two-hundred and seventy dollars and eighty-six cents ($193,270.86).

## SECOND CLAIM FOR RELIEF
(UNJUST ENRICHMENT)

48.     In the alternative, LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

49.     HJOE has failed to make restitution for the monies loaned to it by LG pursuant to the terms of the Note.

50.     HJOE accepted LG's money under such circumstances that it created a legal or equitable obligation to account for the money, and has not made restitution to LG.

51.     LG, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than one-hundred and ninety-three thousand, two-hundred and seventy dollars and eighty-six cents ($193,270.86).

## THIRD CLAIM FOR RELIEF
(COSTS, EXPENSES, & ATTORNEYS' FEES)

52.     LG re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

53.     In accordance with Sections 7 and 8 of the Notes, HJOE agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by LG in collecting any amount under the Note.

54.     Therefore, LG is entitled to an award against HJOE for costs and expenses incurred in the prosecution of this lawsuit, including reasonable legal fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LG Capital Funding, LLC, seeks judgment against Defendant, Hangover Joe's Holdings Corp., as follows:

      i.      On the First and Second Claims for Relief, for damages in an amount to be determined at trial, but not less one-hundred and ninety-three thousand, two-hundred and seventy dollars and eighty-six cents ($193,270.86).

      ii.      On the Third Claim for Relief, for an award of LG's costs and expenses in prosecuting this action, including reasonable legal fees; and

      iii.      For such other further relief as the Court may deem just, proper, and in the interest of justice.

**Dated:**      Doylestown, Pennsylvania
                June 28, 2021

                                      **Respectfully Submitted,**

                                      **Garson, Segal,**
                                      **Steinmetz, Fladgate LLP**
                                      *Attorneys for the Plaintiff*

                          **By:**      /s/
                                      Kevin Kehrli (KK1536)
                                      164 West 25th Street
                                      Suite 11R
                                      New York, NY 10001
                                      Telephone: (212) 380-3623
                                      Facsimile: (347) 537-4540
                                      Email: KK@GS2Law.com